UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREG PARTCH, JR., an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COLUMBIA STATE BANK, a Wisconsin corporation, <br><br> Defendant. | Case No.: 2:14-CV-287 <br><br> **DECLARATION OF GREG PARTCH** |

I, Greg Partch, under penalty of perjury under the laws of the State of Washington, declare and state as follows:

1. I am over the age of 18, a party to this matter and competent to be a witness herein.

2. After Kevin W. Robert's left the firm Dunn, Black & Roberts, Bob Dunn notified me of the change and agreed to meet and discuss my case. At this meeting, I asked if he felt it would be in my best interest to maintain with Dunn & Black or with Mr. Roberts at his new firm. Mr. Dunn responded by saying "Kevin

DECLARATION OF GREG PARTCH

is a very capable lawyer", he stated that he "would not change jockeys in the middle of a race."

3. During this discussion, he made no reference of an outstanding balance owed to Dunn & Black, any additional fees that would be owed, or that he would file a lien with the court seeking additional attorney fees.

4. Mr. Dunn had my case file in hand during the entirety of our meeting and looked through it as we spoke. I would have expected the discussion to include requesting payment for any services owed given his recommendation.

5. After receiving a notice of lien, I contacted Mr. Dunn via email. I pointed out to Mr. Dunn that I had a contingency free agreement in place ahead of work done to file the complaint and asked him to review the timeline.

6. The response I received did not indicate that Dunn & Black looked back through the file to confirm the order of events as requested.

7. After my unsuccessful interaction with Mr. Dunn I attempted to contact John Black. I left him a voice message asking if he would review the order of events and let me know his thoughts. I never received a reply to this message.

8. Upon settling the matter with Columbia Bank, I again followed up with Mr. Dunn via email on April 25, 2016 requesting that they re-examine their claim and rescind the lien as it was never valid.

9. Attached hereto as "**Exhibit A**" is a true and correct copy of an email I sent Bob Dunn on April 25, 2016.

10. Attached hereto as "**Exhibit B**" is a true and correct copy of the Contingent Fee Agreement that I signed from September 15, 2015 with Dunn & Black, P.S.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 2nd day of February, 2018.

_____
Greg Partch

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of such filings to the following:

Steven Winterbauer at mail@winterbauerdiamond.com

Ami M. De Celle at mail@winterbauerdiamond.com

Robert Dunn at bdunn@dunnandblack.com

s/ Chad Freebourn
**Chad Freebourn, WSBA #35624**
**ROBERTS | FREEBOURN, PLLC**
1325 W. 1st Ave., Ste. 303
Spokane, WA 99201
Telephone: 509-381-5262
Fax: 509-473-9026
kevin@robertsfreebourn.com
*Attorneys for Plaintiff, Greg Partch, Jr.*

---

DECLARATION OF GREG PARTCH

ROBERTS|FREEBOURN, PLLC
1325 W.1ST Ave., Ste. 303
Spokane, WA 99201
(509) 381-5262

EXHIBIT A

-----Original Message-----
From: Greg Partch [mailto: ]
Sent: Monday, April 25, 2016 11:28 AM
To: Bob Dunn
Cc: John Black; Kevin Roberts
Subject: Partch vs Columbia Bank

Bob,

I want to let you know that I settled my case with Columbia Bank. Dunn, Black & Roberts PS filed an attorney lien against the case with $1,824.35 being withheld from the settlement until that issue is resolved. The lien is not proper. Effective September 1, 2015, I had converted my agreement with Dunn, Black & Roberts, PS from an hourly arrangement to a contingency fee arrangement. That agreement identified the outstanding balance owed. I have paid that amount and for the matter all amounts that would have been owed as of September 1, 2015.

When Kevin left the firm of Dunn, Black & Roberts, I met with you to see if you would agree to continue the representation in the matter. You told me that Kevin should continue to represent me because he is a very capable attorney and I should not change jockey's during the race. I did not ask you to cease the pursuit of my case. Under the fee agreement, this means that Dunn Black & Roberts is not entitled charge me for hourly work performed while under the contingency fee agreement.

I don't believe this circumstance is one that was intended to be covered by the fee agreement. I would appreciate it if you would release the lien as I do not think it is proper in this situation. If you will not do so, I would like to have the Bar Association resolve the dispute. Please direct the reply to this request to Kevin Roberts.

Greg Partch

EXHIBIT B

## CONTINGENT FEE AGREEMENT

GREG PARTCH, JR. ("CLIENT") has employed the law firm of DUNN BLACK & ROBERTS, P.S., pursuant to an hourly fee engagement letter dated March 25, 2015, as his attorneys to represent CLIENT regarding all claims for damages against Columbia State Bank relating to claims arising out of his employment with Intermountain Community Bank (now Columbia State Bank). The parties have agreed to convert the remainder of Dunn Black & Roberts, P.S.'s fee based on the following Contingent Fee Agreement.

CLIENT agrees to pay the hourly attorney fees and costs owed incurred through September 1, 2015. That amount is $1,375.62. With regard to representation beyond September 1, 2015, Dunn Black & Roberts, P.S.'s compensation for its services shall be from any funds recovered in this effort. Such compensation shall be in the amount of forty percent (40%) of any gross recovery that exceeds $25,000, be it obtained by settlement, judgment, or otherwise, before an appeal is taken or initiated by any party in this case. In the event that an appeal is taken or initiated by any party in this case, CLIENT and Dunn Black & Roberts, P.S. shall negotiate a new fee agreement in addition to the above amount to compensate for any appellate work. Client understands and agrees that this fee agreement does not operate to include an appeal.

In the event that attorney fees are recovered by CLIENT as part of the gross recovery, Dunn Black & Roberts, P.S. shall receive as its fee the greater of either its percentage of the gross as provided above, or the actual amount recovered as attorney fees. CLIENT

1

understands and agrees that if all or part of any settlement or verdict in this case is structured (i.e., all or part of the settlement or verdict involves the future payment of periodic or lump sum payments by the defendant(s) or their liability insurer(s) or as a result of a purchase by the defendant(s) or their liability insurer(s) of an annuity contract), the attorneys' fee that will apply to that part of the settlement which is structured will be determined by applying the aggregate fee percentage to the actual cost of the structured part of the settlement or verdict. If the actual cost is not known, then the appropriate fee percentage shall be applied to the present value of the structure or settlement or verdict at the time the settlement if entered into or the verdict returned.

CLIENT also understands and agrees that if all or part of any settlement or verdict in this case results in non-economic considerations or benefit being received by the CLIENT, the reasonable monetary value of such non-economic considerations or benefits, in dollars, shall be determined and agreed upon by the CLIENT and Dunn Black & Roberts, P.S., and the attorney fees due with respect to that aspect of any recovery, will be calculated using the specified percentage provided for herein. That calculated portion of the fee shall be paid from any available recovered funds. In the event that there are insufficient recovered funds available to fully compensate Dunn Black & Roberts, P.S. for the attorney fees due, the CLIENT nonetheless agrees to be responsible for and to pay the balance of the fee owed. In the event the parties cannot agree upon the reasonable monetary value, they agree to arbitrate that issue, with each side to bear their respective share of such costs of arbitration.

CLIENT further understands that Dunn Black & Roberts, P.S. will bill for all costs, including without limitation, travel expenses; lodging and per diem expenses; court costs and filing fees; process servers, messenger fees, and air express costs actually incurred; court reporter fees, including generation of transcripts on paper and electronic media; expert witness fees and costs; bills from associated or local counsel; agreed-upon consultants, investigators, economists, engineers, physicians and photographers; and all other miscellaneous legal costs and other similar expenses, including computer-generated legal research time and charges for telephone and copying services, which expenses will be billed on a direct cost basis. All of these costs will be accumulated by Dunn Black & Roberts in a monthly billing sent to CLIENT. Twelve percent (12%) interest per annum will be charged on those cost advances until paid by CLIENT. CLIENT agrees to pay these charges, plus any accrued interest, on a monthly basis as billed. All unpaid advanced costs existing as of December 31 of any calendar year are subject to IRS taxation, an obligation which remains the sole responsibility of the CLIENT. At the conclusion of this action, any unpaid costs, expenses or services, plus accrued interest thereupon, shall be deducted from the CLIENT'S share of the gross recovery after payment of the contingent fee.

In the event that any counterclaim is asserted against CLIENT for damages, Dunn Black & Roberts, P.S. agrees to defend such counterclaim, if asserted in this action, as part of its duties hereunder. CLIENT agrees that the fee of Dunn Black & Roberts, P.S. shall be

calculated, before any deductions or setoffs are made for such counterclaims, based upon the gross recovery obtained on CLIENT'S claims.

It is the expectation of the CLIENT and Dunn Black & Roberts, P.S., that Kevin W. Roberts will be the responsible attorney for the handling of this case, although other attorneys and employees may perform significant duties and exercise significant responsibility with respect to the preparation of the case, including conducting discovery and pre-trial proceedings. It is understood that, if necessary, other attorneys may take over the responsibility of this case if circumstances require. Should such circumstances arise, CLIENT may participate in the decision concerning other attorneys assuming ultimate responsibility.

If at any time Dunn Black & Roberts, P.S. is asked by CLIENT to cease its pursuit of this recovery effort, or any portion thereof, without the written agreement of Dunn Black & Roberts, P.S., then the law firm shall be entitled to receive the greater of either the reasonable value of its work to date, or 100% of its ordinary fees charged on an hourly basis for attorney, clerk, and paralegal time. In any event, Dunn Black & Roberts, P.S. shall also be entitled to immediate reimbursement for its incurred costs and expenses not yet paid.

Dunn Black & Roberts, P.S. specifically retains the right to withdraw, at its sole election, from any representation of CLIENT herein.

It is understood and agreed that at the conclusion of the CLIENT'S case, the lawyers will provide a written report setting forth the costs incurred and how the proceeds of any

settlement or judgment, if any, are to be distributed. The CLIENT understands that, if desired, the court may be petitioned to determine the reasonableness of the attorney fees charged.

CLIENT

DATED 9-16-15

_____
GREG PARTCH, JR.

DUNN BLACK & ROBERTS, P.S.

DATED 9-16-15

_____
KEVIN W. ROBERTS

5